UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| In re | : | Chapter 7 |
|     **CRAIG H KENNEDY,** | : | |
| | : | |
|         Debtor | : | Bky. No. 12-19432 ELF |
| | : | |
| **JANE M KENNEDY,** | : | |
| | : | |
|         Plaintiff | : | |
| | : | |
|     v. | : | |
| | : | |
| **CRAIG H KENNEDY,** | : | |
| | : | |
|         Defendant | : | Adv. No. 13-0092 |
| | : | |

# O R D E R

**AND NOW**, upon consideration of Jane M. Kennedy's Motion to Transfer Bankruptcy Case to the District of New Mexico, filed in Bky. No. 12-19432 (Doc. # 53), and Jane M. Kennedy's Motion to Transfer Adversary Proceeding to the District of New Mexico, filed Adv. No. 13-0092 (Doc. # 12) (collectively, "the Motions"), and the evidence presented at the hearing held on **September 4, 2013**, during which Debtor-Defendant Craig Kennedy ("the Debtor") appeared and opposed the Motions,

It is hereby **ORDERED** that the Motions are **DENIED**.**\*\***

Date: <u>September 9, 2013</u>

                                **ERIC L. FRANK**
                                **CHIEF U.S. BANKRUPTCY JUDGE**

## \*\* <u>E N D N O T E</u>

Jane M. Kennedy ("the Plaintiff") seeks the transfer of venue of the underlying bankruptcy case and the related adversary proceeding to the District of New Mexico. Alternatively, in the event that the court denies the request for transfer of the main bankruptcy case, she requests that the adversary proceeding alone be transferred.

With respect to the main case, the Plaintiff makes a single argument: that transfer is appropriate because venue of the Debtor's underlying bankruptcy case was not proper under 28 U.S.C. §1408. With respect to the adversary proceeding, the Plaintiff makes the same argument as well as a second argument: that the court should transfer venue in the interest of justice or for the convenience of the parties. 28 U.S.C. §1412. The Defendant responds by asserting that venue is proper in this district and that it is not in the interest of justice to transfer the adversary proceeding to the court in New Mexico.

\*         \*         \*         \*

28 U.S.C. §1408 provides a bankruptcy case may be commenced in the district

> in which the **domicile, residence, principal place of business** in the United States, or **principal assets** in the United States, of the person or entity that is the subject of such case have been located **for the one hundred and eighty days immediately preceding such commencement, or for a longer portion of such one-hundred-and-eighty-day period** than the domicile, residence, or principal place of business, in the United States, or principal assets in the United States, of such person were located in any other district.

(emphasis added).

28 U.S.C. §1409 provides that an adversary proceeding "may be commenced in the district court in which such case is pending."

28 U.S.C. §1412 provides that a bankruptcy case or proceeding may be transferred to another district "in the interest of justice or for the convenience of the parties."

\*         \*         \*         \*

At the hearing, the parties focused on the question whether the Defendant was domiciled in this district when he commenced his bankruptcy case on October 3, 2012.

Domicile refers to the "place where an individual establishes both physical presence and an intent to remain indefinitely." <u>In re Henderson</u>, 197 B.R. 147, 151 (Bankr. N.D. Ala. 1996) (quoting <u>Melian v. I.N.S.</u>, 987 F.2d 1521, 1524 (11th Cir. 1993)); <u>accord</u> <u>In re Donald</u>, 328 B.R. 192, 202 (B.A.P. 9th Cir. 2005). The term "residence" is broader in scope. It includes places where the debtor has a

semi-permanent residence, even if that place is not the debtor's domicile.  2 Norton Bankr. L. & Prac. 3d §20:8; see also In re Holman, 78 F. Supp. 266, 268 (W.D. Pa. 1948) ("The term 'residence' is not the equivalent of domicile, less permanent occupancy will suffice").

*       *       *       *

After considering the evidence, it is questionable whether the Defendant was domiciled in this district when he commenced his bankruptcy case.  From the evidence, I infer that the Debtor resided with his wife in New Mexico for a substantial period of time prior to their separation in July 2011 and, presumably, was domiciled there.  After July 2011, the Debtor accepted a job, which required him to travel extensively and reside in Pennsylvania for part of each year, from approximately May to November.  In 2011, he resided in Pennsylvania from August through November and, in 2012, from May to November.

While the record is not precise, the Defendant testified that, some time in the fall of 2012 (it is not clear whether this occurred before or after the filing of his bankruptcy petition), he turned down the opportunity to renew his contract with his Pennsylvania employer for the upcoming season (May to November 2013) so that he could return to and accept employment in New Mexico, where he had lived before he separated from his wife in July 2011.  He further testified that, some time later, after his employment in New Mexico did not pan out, he was able to renew his employment relationship with the Pennsylvania employer and return in May 2013.  He testified that, following the negative employment experience in New Mexico, he currently believes that his future lies with the Pennsylvania employer and he intends to continue to reside here.

Based on the Debtor's testimony, it appears more likely that New Mexico was his domicile at or around the commencement of this bankruptcy case in October 2012.  It was around that time that he turned down the offer of renewed employment in Pennsylvania so that he could return to New Mexico, most likely motivated by the proximity New Mexico offered to his grandson, who resides there with the Debtor's estranged spouse.  His intentions appear to have changed only later, some time in 2013.

In the end, however, I need not decide the "domicile" issue because the record supports venue in this district on another, simpler ground — the Debtor resided in Pennsylvania for a sufficient period prior to his bankruptcy filing to warrant venue in this district.

Under 28 U.S.C. §1408, venue is proper in the district in which the debtor can establish **either** residency **or** domicile; either basis suffices to establish venue.  See, e.g., In re Miller, 433 B.R. 205, 211 (Bankr. W.D. Mich. 2010); In re Vaughan, 188 B.R. 234, 237 (Bankr. E.D. Ky. 1995).  The evidence at the hearing established that, although his employment required him to travel, the Defendant established a residence in this district for the majority of the 180 day period preceding his October 2012 filing.  His connection to this district may have been more tenuous compared to that of many debtors, but it was sufficient for venue purposes.

Based on my conclusion that venue was proper in this district, I will deny the motion to transfer venue of the main case.  Nor will I transfer the adversary proceeding on the asserted ground of improper venue.

\*          \*          \*          \*

One further issue remains: whether the adversary proceeding should be transferred to New Mexico in the interest of justice and for the convenience of the parties pursuant to 28 U.S.C. §1412.

One court has identified eight factors to be considered in evaluating a request for a venue transfer under §1412:

>   (1)  the location of the Plaintiff and Defendant;
>
>   (2) the ease of access to necessary proof;
>
>   (3) the availability of subpoena power for unwilling witnesses;
>
>   (4) the expense related to obtaining willing witnesses;
>
>   (5) the enforceability of any judgment rendered;
>
>   (6) the ability to receive a fair trial;
>
>   (7)  the state's interest in having local controversies decided within its borders, by those familiar with its law; and,
>
>   (8) the economics of the estate administration.

Siskin Steel & Supply Co., Inc. v. Highland North, LLC, 2013 WL 23906, at \*12 (W.D. Pa. Jan. 2013); see also Watermark Condomin. Resid. Ass'n v. WCI Communities, Inc., 2013 WL 2404221, at \*2 (D.N.J. May 13, 2013).

Another potential consideration suggested by some courts is that a presumption may exist in favor of the home court or the plaintiff's choice of forum.  See, e.g., Miller v. Chrysler Group, LLC, 2012 WL 6093836, at \*6 (D.N.J. Dec. 7, 2012).

As with the application of any multi-factor judicial test, consideration of the various factors is not a mechanical or mathematical exercise.  "Not all of the factors may be relevant in a particular case; the factors that are relevant may not be entitled to equal weight."  In re Alcorn Corp., 2012 WL 2974889, at \*3 (Bankr. E.D. Pa. July 20, 2012).  Rather, the list of considerations employed by a court in making a decision is

>   simply . . . a guide to the required inquiry; the wise exercise of discretion is rarely a matter of score-keeping or bean-counting.  Ultimately, the pursuit of "equit[y]," "justice" and "comity" involves a thoughtful, complex assessment of what makes good sense in the totality of the circumstances.

Id. (quotations and citations omitted).

In this case, the request for a change of venue is by no means frivolous. The parties have a substantial history in New Mexico which gives rise to the factual matrix directly related to to the Plaintiff's §523(a) claims (but not necessarily the §727(a) claims). But, that appears to be the main consideration favoring the transfer.

The adversary proceeding primarily involves two (2) issues: (1) whether the Plaintiff's claims arising from the parties divorce proceedings are nondischargeable under 11 U.S.C. §523(a)(5) or (15); and (2) whether the Debtor fraudulently omitted or undervalued assets from his original bankruptcy schedules, such that his discharge should be denied pursuant to 11 U.S.C. §727(a).

Both of these claims are core bankruptcy matters, not issues of particular local concern to New Mexico (except insofar as bankruptcy courts tend to defer to state courts in domestic relations matters). There do not appear to be significant factual issues in connection with the Plaintiff's §523(a)(5) claims. As for the §727(a) claims, most, if not all, of the assets at issue either are intangible in nature or are now located in Pennsylvania. Thus, at this early stage of the proceeding, venue New Mexico does not appear to provide a material advantage in terms of access to proof. Further, the chapter 7 trustee is presently evaluating whether some of the assets at issue in connection with the §727(a) claim will be administered in the main case. If venue were transferred, this raises the unappealing spectre of duplicative valuation determinations in two (2) different bankruptcy courts, which would hinder the efficient and economical administration of the main bankruptcy case. Finally, although I can conceive of factual situations in which it may be appropriate, it seems counterintuitive to transfer venue in a proceeding to deny discharge, while the original court, in which venue properly lies, retains jurisdiction over the main case; arguably, if it is appropriate for a particular bankruptcy court to retain a bankruptcy case, that court should be the one determining whether the debtor receives a discharge.

In the end, the reality is that one party necessarily will be inconvenienced by the choice of forum. At best, one might conclude that the adversary proceeding might reasonably be litigated in either location. The decisive principle here is that it is the Plaintiff, as the moving party, who bears the burden of proof that a another forum is more appropriate and convenient and therefore, that a transfer is warranted under 28 U.S.C. §1412. See e.g., Siskin Steel & Supply Co., 2013 WL 23906, at *12. After considering the totality of the circumstances, I conclude that the Plaintiff has not met that burden.